1  Caitlin C. Blanche (SBN 254109)
   caitlin.blanche@klgates.com
2  K&L GATES LLP
   One Park Plaza, Twelfth Floor
3  Irvine, CA 92614
   T: (949) 253-0900
4  F: (949) 253-0902

5  *Attorneys for Plaintiff*
   *Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC. | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| XGIMI TECHNOLOGY INCORPORATED, | |
| Defendant. | |

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendant Xgimi Technology Incorporated's ("Xgimi" or "Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. This is an action for trademark infringement including unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and Business and Professions Code §§ 17200 et seq. Xgimi's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. Xgimi is subject to personal jurisdiction in this forum because it is a resident of the state of California; because it misrepresented the nature of products to residents of the State of California and this District; because Xgimi has caused injury to Epson's trademarks in the State of California and this District; because Xgimi practices the unlawful conduct complained of herein, in part, within the State of California and this District; because Xgimi regularly conducts or solicits business within the State of California and this District; because Xgimi regularly and systematically directs electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

4. Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

6. Upon information and belief, defendant Xgimi Technology Incorporated is a Delaware corporation with a place of business in Sunnyvale, California. It sells, *inter alia*, projector products through online platforms such as Amazon.com.

7. This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of their projectors. Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

## FACTS GIVING RISE TO THIS ACTION

### A. Portable Consumer Projectors

8. While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

9. Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as computers, and "project" those signals onto a screen.

10. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

11. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

12. Projector light output is measured and described in lumens. The brighter the projector, the higher the lumen rating, and, all else being equal, the more it will likely cost.

13. The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

### B. Epson Projectors

14. Epson is recognized throughout the world and the United States as a leading projector manufacturer.

15. As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

16. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

### C. Defendant's False Advertising of its Projectors

17. Defendant is a direct competitor of Epson in the portable consumer projector market. Defendant sells and offers for sale projectors to consumers throughout the United States via various online commerce sites including, but not limited to, Amazon.com.

18. Defendant sells their projectors under various models including, but not limited to, the following: Horizon Pro 4K, Horizon 1080P, Elfin, and Halo.

19. On its Amazon.com product page, Defendant advertises the following brightness values for its projector models:

|              | Elfin              | Horizon Pro 4K     | Horizon 1080P      | Halo               |
|--------------|--------------------|--------------------|--------------------|--------------------|
| Display Chip | DLP 0.33" DMD      | DLP 0.47" DMD      | DLP 0.47" DMD      | DLP 0.33" DMD      |
| Resolution   | 1920 x 1080 (1080P)| 3840 x 2160 (4K)   | 1920 x 1080 (1080P)| 1920 x 1080 (1080P)|
| Brightness   | 800 ANSI Lumens    | 2200 ANSI Lumens   | 2200 ANSI Lumens   | 800 ANSI Lumens    |

20.  As shown above, Defendant utilizes the ANSI standard for measuring the brightness of its projectors. The ANSI Standard establishes protocols for measuring and communicating important performance attributes of projectors - including how to measure and communicate lumens.

21.  Each of the above brightness values are prominently displayed in the both the projectors' listing page titles as well as throughout the projectors' listing pages.

22.  Throughout each of its products' pages, Defendant touts the brightness performance of its projectors in both the product's title and throughout its description of the product's performance. For example, in its listing for its Horizon Pro projector, it states, "HORIZON Pro's super bright projection technology outshines the competition… HORIZON Pro is the brightest projector in its class by nearly 30%, putting out a stellar 2200 ANSI Lumens. HORIZON Pro will consistently deliver high colors and super sharp images, even in bright environments."

23.  Recognizing the importance of brightness to a consumer, Defendant makes similar claims as to each of its projector models' brightness performance.

24. In order to gain initial traction in the United States projector marketplace, Xgimi is purposefully and deceptively inflating the brightness specification of its projectors.

25. Epson tested the brightness of several of Defendant's projector models. Of the projector models tested by Epson, each Xgimi model tested significantly below its advertised brightness value.

26. Defendant's purposeful inflation of the brightness specification of its projectors has not gone unnoticed by consumers and there is evidence of actual confusion and harm in the marketplace.

27. As follows is product feedback from customers of Defendant questioning whether the projector's lumen value is accurate:

★☆☆☆☆ **You get what you pay for**
By J on September 2, 2021
UPDATES: After first day of use, the projector stop responding to the controller. Followed the instructions from the customer service team to restart, repair the controller, and even reboot the projector, but nothing works. It seems to me that this projector might be a defected item and they need to work on their quality control.
Between Epson EF12 and XGIMI Elfin, I chose XGIMI. Maybe my expectation was too high, but I have to say I got disappointed.
- 1080P picture quality seems okay but contrast ratio definitely not good enough. Picture seems washed out even in a dark room.
-Auto keystone correction is not accurate and it will keep correcting for no reason. Manual correction is the only way you can rely on with this device which makes the auto correction useless. Not sure if the auto correction function is defected or not.
-Brightness seems okay but I doubt if it has 800ANSI.
-No complain about sound because I just connect my TV speaker via Bluetooth. Using Harman Kardon speakers is a very good gimmick.
-This projector is pretty quite while running and has a pretty good looking design.
If you're looking for a mini projector, XGIMI Elfin is a good option in its price range. However, I have to say that you can easily get a better projector with this price if you don't really care about the size. see less

★★★☆☆ **Brightness not up to snuff**
By Douglas C. on December 2, 2020
I purchased this to see how it compared to the Nebula Capsule II and found that I did like the colours better but the actual picture brightness did not add up to the manufacturers hype.
It was very easy to setup and operate but as I really wanted to see more clarity and brightness I returned the product and got my money back. Maybe next version.... see less

★★☆☆☆ 09/01/2020
A  Verified AJ

**Good resolution, but not very bright**
The resolution and the features of this projector are great. However, it only works well if it is dark. We tried using it for kids during the day - inside, with all the curtains/blinds closed, and I couldn't even see the keyboard to search for anything. Their specification claims its 300 ansi lumen and reviews say it works well during the day with curtains closed, but that isn't the case with the unit we received. Even during evening, if you plan to use it for outdoors, you'll have to wait for it to be quite dark.

28. As shown by Epson's testing and the customer feedback above, Xgimi is significantly misrepresenting the light output of its projectors to consumers and causing confusion in the marketplace.

29. As a result, purchasers of any of Xgimi's projectors are likely to be, and have actually been, misled and deceived by Xgimi's literally false product labeling, descriptions, and advertisements.

30. Consumers expect the represented product specifications to be accurate for Xgimi's projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower performance outputs.

31. Xgimi's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

32. The natural, probable, and foreseeable result of Xgimi's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

33. By means of example, after having a poor experience with Xgimi's projector with an improperly inflated lumen value of "2200 lumen," the consuming public is less likely to purchase a projector with a lumen rating of 2200 lumens as consumers will be unaware that Xgimi's "2200 lumen" projector is not representative of the performance of a true 2200 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

34. Epson is informed and believes that Xgimi's wrongful conduct has resulted in increased sales and market share of Xgimi's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

35. Epson has sustained and will continue to sustain irreparable damages as a result of Xgimi's wrongful conduct, unless enjoined.

## COUNT I

## False Advertising / Unfair Competition - Lanham Act

36. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the light outputs of its projectors - attributes important to a consumer's purchasing decision. These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

38. Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

39. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

41. Defendant's actions are willful and done solely to improperly gain market share.

42. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

43. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

44. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

**Violation of Business and Professions Code §§ 17200 et seq.**

45. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

47. Xgimi's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

48. Xgimi's misconduct has a tendency and likelihood to deceive members of the public.

49. The foregoing acts and practices have caused substantial harm to Epson.

50. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Xgimi, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

51. Xgimi's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury. Xgimi's conduct subjected Epson to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Epson to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Xgimi.

WHEREFORE, Epson prays for judgment against Xgimi as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting Xgimi, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Xgimi to sell their products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all Xgimi's products from online commerce sites, such as, but not limited to, Amazon.com, as well as retail stores, until such a time as Xgimi can correct its false or misleading advertisements;

B. For an order requiring Xgimi to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Xgimi's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers;

C. That Xgimi be adjudged to have violated 15 U.S.C. § 1125(a) and Business and Professions Code §§ 17200 et seq. by unfairly competing against Epson

by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

D. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of market share;

E. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

F. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

G. That Epson be awarded exemplary and punitive damages;

H. That Epson recover its costs and reasonable attorneys' fees;

I. That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

J. That Epson be granted prejudgment and post judgment interest; and

K. That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Dated: February 23, 2022                     K&L GATES LLP

                                             By:  */s/Caitlin C. Blanche*
                                                  Caitlin C. Blanche

                                                  *Attorneys for Plaintiff
                                                  Epson America, Inc.*